IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DANA LEAH PUCKETT HUTTON, )
As Executrix of the Estate of ROBERT )
JAMES HUTTON, JR., )
               Plaintiff, )
               )
v. )     1:14CV888
               )
HYDRA-TECH, Inc., et al., )
               )
             Defendants. )

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon Plaintiff Dana Leah Puckett Hutton, as Executrix of the Estate of Robert James Hutton, Jr.'s Motion for Leave to Amend Amended Complaint (Docket Entry 161) and Motion for Leave to Amend Amended Complaint After Deadline. (Docket Entry 162.) These matters are ripe for disposition.[1] For the reasons stated below, the Court recommends that Plaintiff's Motion for Leave to Amend Amended Complaint After Deadline (Docket Entry 162) be denied and that Plaintiff's Motion for Leave to Amend Amended Complaint (Docket Entry 161) be terminated as moot.

### I. BACKGROUND

On July 10, 2014, Plaintiff filed the original Complaint in Guilford County Superior Court alleging that Defendants Lift-All, Inc., Hyco International, Inc., Hydra-Tech, Inc. (hereinafter "Hydra-Tech"), Altec Industries, Inc., and Certified Electrical Testing, Inc., were

---

[1] It appears that Plaintiff's Motion for Leave to Amend Amended Complaint (Docket Entry 161) is mooted by her Motion for Leave to Amend Amended Complaint After Deadline. (Docket Entry 162.)

negligent in causing the death of Robert James Hutton, Jr. (*See generally* Complaint, Docket Entry 2.) Mr. Hutton fell approximately thirty-five feet while trimming trees at a private residence during the course of his employment. (*Id.* ¶¶ 8-17.) The matter was removed to this Court pursuant to Defendant Altec Industries, Inc.'s petition for removal filed on October 23, 2014. (Docket Entry 1.) After removal, Plaintiff moved for leave to amend her complaint. (Docket Entries 14.) Plaintiff's motion was granted, and Plaintiff filed her First Amended Complaint on December 16, 2014. (Docket Entries 17, 18.)

Plaintiff's First Amended Complaint removed some Defendants, and added several new parties and claims. The First Amended Complaint asserted a "Successor Liability" claim against Altec, Inc., Altec Industries, Inc., Altec, LLC, and Altec Nueco, LLC (hereinafter "Altec Defendants.") (*See* Am. Compl. ¶¶ 58-61, Docket Entry 18.) The First Amended Complaint also added negligence claims against three new parties: (1) Altec Defendants, (2) Hyco International, Inc., n/k/a Weber-Hydraulik, Inc., Hyco Canada ULC, n/k/a Weber Hydraulik Hyco Canada, Hyco Alabama, LLC, and (3) Superior Aerial Equipment and Repair. (*Id.* ¶¶ 62-68, 86-98.)

Finally, the First Amended Complaint added more claims against the Altec Defendants, Hydra-Tech, American Assurance Corporation ("hereinafter American Assurance"), and Jerry Hudson. (*Id.* ¶¶ 36-57, 69-85.) The claims resulted from Hydra-Tech's agreement to purchase products liability insurance with American Assurance as part of Altec, LLC's acquisition of Hydra-Tech. (*Id.* ¶ 70.) Plaintiff sought to pierce the corporate veil and hold Jerry Hudson, officer and sole shareholder of Hydra-Tech, personally liable for selling Hydra-Tech while knowing, or having reason to know, that the insurance policy he acquired from American

2

Assurance would not cover Plaintiff's losses. (*Id.* ¶ 40.) Further, Plaintiff asserted claims against American Assurance under North Carolina's Unfair Claim Settlement Practices Act and its Unfair and Deceptive Trade Practices Act. (*Id.* ¶¶ 42-57.) Finally, Plaintiff asserted claims against Altec, Hydra-Tech, and Jerry Hudson for Concealment of Insurance Policy and for Unfair and Deceptive Trade Practices. (*Id.* ¶¶ 69-85.)

According to one of Plaintiff's attorneys, on or about March 2, 2016, the Altec Defendants served discovery upon Plaintiff which divulged the identities of four individuals who served as officers and/or directors of Altec, Inc., Altec Industries, Inc., and American Assurance. (Amiel J. Rossabi Aff. ¶ 8, Docket Entry 168.) Plaintiff's counsel reviewed the response from the Altec Defendants in June 2016. (*Id.* ¶ 12.) Plaintiff's attorney sent a Rule 30(b)(6) draft notice of depositions for the four directors and officers to Altec Defendants on August 2, 2016. (*Id.* ¶ 14.) The Altec Defendants, however, responded that they did not believe they could move forward with depositions until the Court: (1) ruled on Hydra-Tech's, and Mr. Hudson's, motions to dismiss, and (2) gave an initial pre-trial order. (*Id.* ¶ 15; *see also* Email Ex. D, Docket Entry 168 at 33.) Further, the Altec Defendants filed a Motion for a Protective Order from Plaintiff's deposition requests on August 31, 2016 (Docket Entry 148), and the motion was granted on September 9, 2016. (Text Order dated 9/9/2016.)

On October 27, 2016, a telephone conference call was held and the parties discussed the Individual Joint Rule 26(f) Reports. (Minute Entry dated 10/27/2016.) Following the conference call, the Court immediately entered a Scheduling Order. (Docket Entry 156.) The clerical summary of the Order stated that "Plaintiff shall have until 11/03/2016 to amend pleadings." (*See* CM/ECF Docket Summary, Docket Entry 156.) However, the Court's

3

official Order stated that "Plaintiff shall have until **November 3, 2016** *to seek leave* of Court to amend pleadings." (Docket Entry 156 at 4) (emphasis added). Finally, there was another clerical summary stating that "Plaintiff's Amended Pleadings due by 11/3/2016." (CM/ECF Docket Summary dated 10/27/2016.)

On November 3, 2016, Plaintiff filed a Second Amended Complaint without first seeking leave to amend. (Docket Entry 157.) The Second Amended Complaint adds the four individual directors from Altec, Inc., Altec Industries, Inc., and American Assurance as Defendants to Plaintiff's previous claims concerning: (1) The Unfair Claim Settlement Practices Act, (2) Unfair and Deceptive Trade Practices, and (3) Fraudulent Concealment of Insurance Policy. (*See* Second Am. Compl., Docket Entry 157.) The Second Amended Complaint also more clearly alleges that American Assurance is a "sham corporation" meant to deny recovery to Plaintiff. (*Id.* ¶ 12.) The Altec Defendants and American Assurance filed responses in opposition to Plaintiff's second amended Complaint. (Docket Entries 159, 160.) Thereafter, Plaintiff filed her motions for leave to amend the amended Complaint. (Docket Entries 161, 162.) American Assurance has filed a notice of its opposition to Plaintiff's Motion. (Docket Entry 166.) This notice references arguments that American Assurance made in its earlier Memorandum in Opposition to Plaintiff's Second Amended Complaint. (Docket Entry 160.) Further, the Altec Defendants have filed an opposition brief to Plaintiff's Motion for Leave to Amend Amended Complaint After Deadline. (Docket Entry 167.)

## II. DISCUSSION

Plaintiff seeks to amend her First Amended Complaint "in light of information that has been gathered through discovery, despite the Defendant's best efforts to thwart Plaintiff

4

from obtaining additional information." (Docket Entry 169 at 5.) Plaintiff contends that she was sufficiently diligent in attempting to meet the Court's November 3, 2016, deadline and in attempting to discover evidence before said deadline. (*Id.* at 6-7.) A party who requests leave to amend after a deadline set by a court's scheduling order must meet "two prerequisites" within the Federal Rules of Civil Procedure. *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987). The party must show that: (1) there is good cause to modify the scheduling order under Rule 16(b)(4) "to the court's satisfaction," and (2) the amendment is proper under Rule 15(a)(2). *Id.*; *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d. 295, 298 (4th Cir. 2008) ("Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

This Court has held that good cause under Rule 16(b) may be shown when "the 'plaintiff uncovered previously unknown facts during discovery that would support an additional cause of action' or if . . . despite the 'exercise of reasonable diligence,' the evidence supporting the proposed amendment would not have been discovered until after the amendment deadline had passed." *Belcher v. W.C. English, Inc.*, 125 F.Supp.3d 544, 549 (M.D.N.C. 2015) (quoting *Cole v. Principi*, 2004 WL 878259, at *7 (M.D.N.C. Apr. 22, 2004)); *see also Interstate Narrow Fabrics, Inc., v. Century USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C. 2003) (quoting *Studio Frames, Ltd. v. Village Ins. Agency, Inc.*, No. 1:01CV876, 2003 WL 1785802, at *2 (M.D.N.C. 2003) )("'Good cause' under Rule 16(b) exists when evidence supporting the proposed amendment would not have been discovered 'in the exercise of reasonable diligence' until after the amendment deadline had passed."); *Nourison Rug Corp.*, 535 F.3d at 297

5

(sustaining the district court's application of Rule 16(b) and its conclusion that "[t]here is no indication that any of the facts . . . came into [defendant's] possession after his original answer was filed, and there is certainly no indication that he learned of these facts after the scheduling order deadline for amendments to the pleadings").

Additionally, this Court has held that "'[g]ood cause is not shown when the amendment could have been timely made.'" *Interstate Narrow Fabrics*, 218 F.R.D. at 460 (quoting *Aventis Cropscience N.V. v. Pioneer Hi–Bred Int'l, Inc.*, No. 1:00CV00463, 2002 WL 31833866, at *2 (M.D.N.C. Dec. 12, 2002)). Further, this Court has recently held that "[w]hether a party can satisfy Rule 16(b)'s 'good cause' requirement centers primarily on "the diligence of the party seeking the amendment." *Safford v. Barnes*, 191 F.Supp.3d 504, 507 (M.D.N.C. 2016) (citation omitted).

Factually analogous cases from this Court and other district courts are instructive as to what constitutes diligence from a movant, such as Plaintiff, who seeks to amend a complaint to add facts and parties after a scheduling order deadline. *See Interstate Narrow Fabrics*, 218 F.R.D. at 460 (denying a motion to amend, this Court found that "[t]he deadline for amendments provided in the Rule 26(f) report was July 31, 2002. Therefore, evidence supporting Century's proposed amendments was available to Century *before* expiration of the amendment deadline"); *Columbia Gas Transmission, LLC*, No. 3:14-11854, 2015 WL 7871048, at *2 (unpublished) ("Columbia Gas has failed to satisfy 16(b)'s good cause requirement . . . because the factual allegations . . . were known or should have been known by Columbia Gas well before the recent 30(b)(6) depositions."); *Wonasue v. University of Maryland Alumni Ass'n*, 295 F.R.D. 104, 108 (D. Md. 2013) (unpublished) (denying plaintiff's motion to amend, in

6

part, because plaintiff "had amassed a number of documents" giving her "personal knowledge" of the relevant facts supporting her motion to amend before the deadline); *Soroof Trading Development Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 148-49 (S.D.N.Y. 2012) (granting a motion to amend after deadline, because the movant acted diligently in moving to amend one month after discovering the facts supporting the amendment and because the facts that the movant added in the second amended complaint were "both more varied and more detailed than those included in the original complaint. For example, the proposed second amended complaint alleges that GEFCS and GE Microgen were undercapitalized.").

In the instant case, Plaintiff has not demonstrated the requisite diligence to satisfy the good cause standard for three reasons. First, Plaintiff's motion for leave to amend "could have been timely made." *Interstate Narrow Fabrics*, 218 F.R.D. at 460. Plaintiff admits that she did not review this Court's Order on October 27, 2016, "as carefully as it should have been." (Docket Entry 162 at 7.) As a result, Plaintiff filed a Second Amended Complaint on November 3, 2016, without first seeking leave to amend. (Docket Entry 157.) Any misunderstanding based upon the CM/ECF clerical summaries is not sufficient to satisfy the good cause standard as there was an actual Order from the Court which Plaintiff received. Had Plaintiff reviewed the Order more carefully, Plaintiff could have moved *to seek leave* on November 3, 2016, and therefore, complied with the deadline set by the Scheduling Order. Plaintiff can offer no other reason for her failure to move to seek leave within the deadline set by the Scheduling Order other than neglect, and neglect cannot satisfy the good cause requirement of Rule 16(b)(4). *See Safford*, 191 F.Supp.3d at 507.

Second, Plaintiff cannot demonstrate that the evidence supporting her motion "would not have been discovered until after the amendment deadline passed." *Belcher*, 125 F.Supp.3d at 549. Plaintiff's motion asserts that she is seeking to file an amendment "in the form of the Second Amended Complaint filed with the Court on November 3, 2016." (Docket Entry 162 at 8.) Further, Plaintiff incorporates the facts set out in the November 3, 2016, Second Amended Complaint to "detail[]" how "finding information about American Assurance online is extremely difficult. American Assurance has virtually no presence." (*Id.* at 6.) By relying on the facts known as late as March 2016, that "form[ed] the basis for the allegations contained within the Second Amended Complaint," Plaintiff admits that it could have supported a timely motion for leave to amend with the evidence that it gathered before the deadline. (*Id.* at 7.) Therefore, even though the facts contained in the Second Amended Complaint may be "more varied and more detailed than those included in" Plaintiff's First Amended Complaint, *Soroof Trading Development*, 283 F.R.D 149, Plaintiff had "personal knowledge" of those facts before the amendment deadline, and those facts could have been included in a timely motion to seek leave to amend. *Wonasue*, 295 F.R.D. at 108; *see also Columbia Gas Transmission*, No. 3:14-11854, 2015 WL 7871048, at *2; *Interstate Narrow Fabrics*, 218 F.R.D. at 460.

Finally, Plaintiff cannot demonstrate good cause to amend the First Amended Complaint to add the four individual directors and officers of Altec, Inc., Altec Industries, Inc., and American Assurance. Plaintiff had "personal knowledge" of the identities of the individual directors well before the amendment deadline of November 3, 2016. As Plaintiff's attorney admits in an affidavit filed with the Court, the Altec Defendants served Plaintiff's counsel with discovery that divulged the names of these officers and directors in March 2016.

8

(Rossabi Aff. ¶ 8.) Further, Plaintiff's counsel reviewed these documents in June 2016 and learned of the identities of the officers for the first time. (*Id.* ¶ 12.) Given that Plaintiff knew of these officers and directors before the amendment deadline, Plaintiff cannot demonstrate good cause for moving to add them now. Thus, Plaintiff's motion should be denied.

Since Plaintiff cannot demonstrate good cause for granting her motion, the Court need not address Rule 15(a)(2). *See Columbia Gas Transmission,* No. 3:14-11854, 2015 WL 7871048, at *2 (unpublished) (ending its analysis of plaintiff's motion for leave to file an amended complaint after determining that plaintiff did not demonstrate good cause); *Halpern v. Wake Forest University Health Sciences*, 268 F.R.D. 264, 274 (M.D.N.C. 2010) (ending its analysis of whether Plaintiff could amend its complaint after determining that there was a lack of good cause); *Interstate Narrow Fabrics Inc.,* 218 F.R.D. at 460 ("[Defendant] has not shown 'good cause' under Rule 16(b), and it is consequently not necessary to consider whether [defendant] can meet the more lenient Rule 15(a) standard.").

### III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Leave to Amend Amended Complaint After Deadline (Docket Entry 162) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Leave to Amend Amended Complaint (Docket Entry 161) be **TERMINATED AS MOOT**.

Joe L. Webster
United States Magistrate Judge

June 6, 2017
Durham, North Carolina

9